FILED
CLERK, U.S. DISTRICT COURT
9/8/2020
CENTRAL DISTRICT OF CALIFORNIA
BY: ____CW____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| **NANCY NADEEN ZAMORA,**<br><br>**Plaintiff,**<br><br>v.<br><br>**BMW OF NORTH AMERICA, LLC, and DOES 1 through 10,**<br><br>**Defendants.** | Case No.: LACV 20-00838-CJC(GJSx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND REQUEST FOR ATTORNEY'S FEES [Dkt. 21]** |

**I. INTRODUCTION & BACKGROUND**

Plaintiff Nancy Zamora filed this action against Defendant BMW of North America, LLC, ("BMW") and unnamed Does, alleging that BMW violated California's Song-Beverly Consumer Warranty Act. (Dkt. 21-3 [Complaint, hereinafter "Compl."].) Zamora's complaint asserts that the vehicle she purchased from BMW (the "Vehicle")

-1-

abnormally shuts down while driving and could not be repaired despite a reasonable number of attempts. (*Id.*) Zamora initially leased the Vehicle and then purchased it for a total sale price of over $40,000. (Dkt. 23-8.) Zamora seeks actual damages, a civil penalty of at least $81,000, and attorney's fees. (Compl.)

Zamora filed her complaint in Los Angeles Superior Court but BMW removed the action to this Court asserting diversity jurisdiction. Before the Court is Zamora's motion to remand and request for attorney's fees. (Dkt. 21.) For the following reasons, both Zamora's motion to remand and request for fees are **DENIED**.[1]

## II. LEGAL STANDARD

A defendant may remove a civil action filed in state court to a federal district court when the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441. Federal courts have diversity jurisdiction over cases where the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the parties. 28 U.S.C. § 1332. The removal statute is strictly construed "against removal jurisdiction" and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (quotations omitted).

//
//

## III. DISCUSSION

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for September 14, 2020 at 1:30 p.m. is hereby vacated and off calendar.

**A. Motion to Remand**

Zamora argues that remand is proper because BMW has failed to establish both diversity of citizenship and an amount in controversy over $75,000. The Court disagrees.

First, BMW has established complete diversity of citizenship. BMW is a limited liability company whose sole member is BMW (US) Holding Corporation, a corporation formed in Delaware with its principal place of business in New Jersey. Because "an LLC is a citizen of every state of which its []members are citizens," BMW is a citizen of Delaware and New Jersey. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *see also* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed [] a citizen of every state . . . by which it has been incorporated and of the state . . . where it has its principal place of business."). Zamora does not dispute this.

Zamora, on the other hand, is a California citizen. For diversity purposes, a person is a "citizen" of the state in which she is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Id.*

Although Zamora argues that BMW has failed to establish her domicile, (Dkt. 21-1 at 5), this argument is unconvincing. BMW has presented evidence that (1) Zamora's social security number was issued in California; (2) she has maintained California residences since 2001; (3) she has a California driver's license; and (4) she purchased and serviced the Vehicle in California. (Dkt. 22 [BMW's Opposition, hereinafter "Opp."] at 3–5.) This evidence indicates that California is Zamora's permanent home where she intends to remain. *See Kanter*, 265 F.3d at 857; *see also Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013) ("[N]umerous courts treat a person's residence as

*prima facie* evidence of the person's domicile."). Thus, complete diversity of citizenship exists in this case.

Second, BMW has established that the amount in controversy exceeds $75,000. A notice of removal must include only "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553–54, (2014). But where "the plaintiff contests, or the court questions, the defendant's allegation" and "both sides submit proof," the defendant must prove the amount in controversy by a preponderance of the evidence. *Id*. at 554. Here, BMW emphasizes that Zamora's complaint alleges that she is entitled to restitution "in an amount equal to the actual price paid," which is over $40,000. (Opp. at 6.) Zamora's complaint also seeks a civil penalty equal to two times her actual damages. (*Id.*) Indeed, because Zamora seeks a civil penalty of over $80,000, her own calculations estimate the amount in controversy at over $120,000. (Compl. at 3–4.) Accordingly, this requirement is satisfied.

**B. Request for Attorney's Fees**

Zamora also requests an award of attorney's fees and costs under 28 U.S.C. § 1447(c) for filing her motion to remand. "Courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Because BMW had a reasonable basis for seeking removal, the Court denies Zamora's request for fees. 28 U.S.C. § 1447(c).

//
//
//
//

## IV. CONCLUSION

For these reasons, Zamora's motion to remand and request for attorney's fees are **DENIED**.

DATED: September 8, 2020  _____
HON. CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE